1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                         **DISTRICT OF NEVADA**
10
11
JEFFREY FRANKLIN,                    )
12                                   )
            Petitioner,              )          3:10-cv-00020-HDM-VPC
13                                   )
vs.                                  )          **ORDER**
14                                   )
STATE OF NEVADA, *et al.*,           )
15                                   )
            Respondents.             )
16 _____ /

17
18          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C.
19 § 2254, by a Nevada state prisoner.  Before the Court is respondents' motion to dismiss.  (Docket
20 #6).  Also before the Court are petitioner's motion for default judgment (Docket #11), respondents'
21 motion for late filing (Docket #13), and petitioner's supplement to the petition (Docket #10).

**I.  Procedural History**
22
23          Petitioner was charged by the return of a grand jury indictment with one count of
24 trafficking in a controlled substance, a felony violation of NRS 453.3385.  (Exhibit 1).[1]  On
25 December 19, 2005, petitioner filed a motion to dismiss due to inadequate notice of grand jury

26
    _____
          [1]  The exhibits referenced in this order are found in the Court's record at Docket #7 and #8.

1    proceedings.  (Exhibit 2).  On March 21, 2006, the state district court denied petitioner's motion

2    dismiss.  (Exhibit 4).  On August 29, 2006, petitioner filed a motion to suppress and request for

3    evidentiary hearing.  (Exhibit 5).  On September 5, 2006, the state district court reserved ruling on

4    the motion to suppress until trial.  (Exhibit 6).

5              A jury trial was held on September 8, 2006, resulting in a guilty verdict of trafficking

6    in a controlled substance.  (Exhibits 7 & 8).  On September 11, 2006, the State filed a notice of intent

7    to seek the punishment as a habitual criminal.  (Exhibit 9).  On December 21, 2006, the state district

8    court sentenced petitioner as a habitual criminal pursuant to NRS 207.010.  (Exhibit 13).  The

9    judgment of conviction was filed on January 9, 2007.  (Exhibit 14).  Petitioner was sentenced under

10   the habitual criminal statute to life with a minimum parole eligibility of 10 years in the Nevada

11   Department of Corrections, with 286 days of credit for time served.  (Exhibit 14).

12             Petitioner filed a notice of appeal on January 26, 2007.  (Exhibit 16).  On July 5,

13   2007, appellant's opening brief was filed, asserting one argument: "The State's intentional

14   misconduct in closing argument denied appellant a fair trial pursuant to federal and state

15   constitutional guarantees."  (Exhibit 17).  On December 27, 2007, the Nevada Supreme Court

16   entered an order of affirmance.  (Exhibit 18).  Remittitur issued on January 22, 2008.  (Exhibit 19).

17             On March 5, 2008, petitioner filed a *pro per* post-conviction habeas petition in the

18   state district court.  (Exhibit 20).  On October 10, 2008, the state district court issued findings of fact

19   and conclusions of law.  (Exhibit 26).  The state district court addressed the merits of petitioner's

20   claims for ineffective assistance of counsel, but found the remainder of the claims in the petition to

21   be procedurally barred.  (Exhibit 26).

22             Petitioner filed a timely notice of appeal on September 15, 2008.  (Exhibit 25).  On

23   December 11, 2009, the Nevada Supreme Court filed its order affirming the denial of the habeas

24   petition.  (Exhibit 27).  Remittitur was issued on January 5, 2010.  (Exhibit 28).

25

26

                                        2

On December 23, 2009, petitioner dispatched his federal habeas petition to this Court. (Docket #4, Habeas Petition, at p. 1).  Petitioner submitted a memorandum of points and authorities with his petition.  (Docket #4-1).  The Court construes the petition as comprised of the form petition (Docket #4) and the memorandum of points and authorities (Docket #4-1).

**II.  Motion for Default (Docket #11) and Motion for Late Filing (Docket #13)**

On March 8, 2010, petitioner filed a motion for default judgment. (Docket #11).  By order filed January 14, 2010, this Court directed respondents to file a response to the petition within forty-five days.  (Docket #3).  This made the response due on March 1, 2010.  (*Id.*).  Respondents' motion to dismiss was filed on March 5, 2010, which was four days late.  (Docket #6).  On March 16, 2010, respondents filed an opposition to the motion for default, combined with a motion for late filing.  (Docket #13).  In their opposition, respondents explain that the response was filed late due to a calendaring error in their office.  The Court accepts respondents' reasonable explanation, and grants the motion for late filing.  Moreover, the Court notes that failure to respond to claims asserted in a habeas corpus petition does not automatically entitle a petitioner to default judgment.  *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (citations omitted).  Petitioner's motion for default judgment (Docket #11) is denied.  Respondents' motion for late filing (Docket #13) is granted.

**III.  Petitioner's Supplement (Docket #10)**

On March 8, 2010, three days after respondents filed the motion to dismiss, petitioner filed a supplement to his habeas petition.  (Docket #10).  The Court will construe the supplement filed March 8, 2010, as part of the habeas petition.  In ruling on the motion to dismiss, the Court has considered the supplement.  The Court notes that the supplement does not substantively change the outcome of the motion to dismiss.  The Court makes no finding regarding the timeliness or merits of any claims asserted in the supplement.  The only ruling made here is that the supplement is considered part of the petition.  In filing an answer to the petition, as set forth at the conclusion of this order, respondents shall also respond to the supplement.

**IV.  Motion to Dismiss (Docket #6)**

     **A.  Lack of Personal Jurisdiction**

        Respondents point out that petitioner has named the State of Nevada and the Attorney General's Office as respondents on the face of his petition.  A petitioner must name his custodian (state officer) as the respondent in a federal habeas petition.  Rule 2(a), Rules Governing Section 2254 Proceedings; *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  If petitioner fails to name the proper respondent in his petition, the court may allow petitioner to amend his petition to name the correct respondent.  *See Stanley*, 21 F.3d at 360.  In their motion, respondents state that they "do not object to the Court granting Franklin leave of court to name a proper party."  (Motion, Docket #6, at pp. 4-5).  As such, petitioner will be granted thirty days to file an amended caption page, naming the proper respondent, who is the state officer who currently has custody over petitioner.

     **B.  Procedural Default**

        Respondents contend that Grounds One, Two, Three, and Four of the federal habeas petition are procedurally barred.

        **1.  Procedural Default Principles**

        "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

        The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

4

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural

default doctrine ensures that the state's interest in correcting its own mistakes is respected in all

federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

        To demonstrate cause for a procedural default, the petitioner must be able to "show

that some *objective factor external to the defense* impeded" his efforts to comply with the state

procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external

impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499

U.S. 467, 497 (1991).  Ineffective assistance of counsel may satisfy the cause requirement to

overcome a procedural default.  *Murray*, 477 U.S. at 488.  However, for ineffective assistance of

counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel,

itself, must first be presented to the state courts.  *Murray*, 477 U.S. at 488-89.  In addition, the

independent ineffective assistance of counsel claim cannot serve as cause if that claim is

procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).  With respect to the

prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of]
> constituted a possibility of prejudice, but that they worked to his actual
> and substantial disadvantage, infecting his entire [proceeding] with
> errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170

(1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner

suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

528, 530 n.3 (9th Cir. 1988).

### 2. Ground One

        In Ground One, petitioner claims ineffective assistance of appellate counsel.

Petitioner asserts that appellate counsel was ineffective for failing to raise on direct appeal the

following issues: (1) that counsel failed to argue that the State did not provide adequate notice of the

grand jury proceedings; (2) that counsel failed to argue that the evidence found from the vehicle

1    search at the Stardust Casino should have been suppressed; and (3) that counsel failed to argue that

2    the State did not provide notice of intent to seek punishment as a habitual criminal and failed to

3    provide sufficient evidence of his criminal record to justify petitioner being adjudicated a habitual

4    criminal.  (Petition, at p. 3; Attached Memorandum, at pp. 3-6).

5              In the motion to dismiss, respondents "admit that all three claims have been

6    exhausted and are properly before this Court for review in federal habeas corpus with one caveat."

7    (Respondents' Motion, Docket #6, at p. 6).  Respondents argue that in sub-claim (3) of Ground One,

8    petitioner asserts that the State failed to provide notice of its intent to seek punishment as a habitual

9    criminal.  Respondents argue that this issue was not alleged by petitioner in his state habeas petition

10   or addressed by the Nevada Supreme Court.  The Court rejects respondents' argument.  Respondents

11   misconstrue petitioner's sub-claim (3) of Ground One.  Petitioner is not asserting the bare claim, as

12   respondents assert: "That the State failed to provide a Notice of Intent to seek punishment as a

13   Habitual Criminal and failed to provide sufficient evidence of his criminal record for him to be

14   adjudicated a habitual criminal."  (Respondents' Motion, Docket #6, at p. 6).  Rather, petitioner is

15   alleging that his counsel was ineffective by failing to make arguments regarding the notice of intent

16   to seek punishment as a habitual criminal and for failing to provide sufficient evidence of his

17   criminal record for him to be adjudicated a habitual criminal.  (Federal Petition, at p. 3; Attached

18   Memorandum, at p. 5).  Petitioner made this same argument in his state habeas petition.  (Exhibit 20;

19   Exhibit 21; Exhibit 23).  This issue was addressed by the Nevada Supreme Court, on the merits, in

20   its December 11, 2009 order of affirmance.  (Exhibit 27).  Ground One, including sub-parts (1), (2),

21   and (3), were presented to the Nevada Supreme Court, and the Nevada Supreme Court addressed

22   these arguments on the merits.  There was no procedural default of Ground One in state court.

23                **3. Ground Two**

24              In Ground Two, petitioner claims that he received inadequate notice from the State of

25   the grand jury proceedings resulting in his indictment.  (Petition, at p. 5; Attached Memorandum, at

26

6

pp. 24-34).  Petitioner did not raise this issue on direct appeal.  Petitioner raised the same claim in

his state habeas petition for the first time.  (Exhibit 20, at p. 8).  In its Findings of Fact and

Conclusions of Law, the state district court found that the claim should have been raised on direct

appeal and deemed the claim waived.  (Exhibit 26, at p. 3).  The state district court relied on NRS

34.810(1)(b)(2) in dismissing the claim, because it could have been raised on direct appeal.  (Exhibit

26, at pp. 3-4).  The Nevada Supreme Court affirmed the decision of the state district court, denying

the post-conviction habeas petition, without specifically referring to the claim that petitioner received

inadequate notice of the grand jury proceeding.[2]  (Exhibit 27).  As such, the state district court's

Findings of Fact and Conclusions of Law was the last reasoned decision regarding petitioner's claim

that he was denied due process because of inadequate notice of the grand jury proceeding.  Pursuant

to *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), the Court assumes that the Nevada Supreme Court,

by its silent denial of appeal, does not intend to change the last-reasoned decision by the state district

court which imposed the procedural bar of NRS 34.810(1)(b)(2).  The Ninth Circuit Court of

Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this

case -- NRS 34.810 -- is an independent and adequate state ground.  *Vang v. Nevada*, 329 F.3d 1069,

1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Petitioner has presented no meritorious grounds for cause and prejudice.  As such, Ground Two of

the federal petition was procedurally defaulted in state court and is barred from consideration by this

Court.

### 4. Ground Three

In Ground Three, petitioner asserts that his Fourth Amendment right against

unreasonable search and seizure was violated when the police seized two bags of drugs from his

---

[2]  The Nevada Supreme Court's order did consider petitioner's claim that his counsel was
ineffective for failing to argue that the State provided inadequate notice of the grand jury proceedings.
The Court held that appellant failed to demonstrate that appellant counsel's performance was deficient.
(Exhibit 27, at p. 2).

1  vehicle.  (Petition, at p. 7; Attached Memorandum, at pp. 39-43).  Petitioner alleges that the trial

2  court erred in denying his motion to suppress the evidence found during the search of his vehicle.

3  There are two issues which bar this claim from consideration.  First, "search and seizure" issues of

4  the kind raised by petitioner are not cognizable in federal habeas corpus law.  *Stone v. Powell*, 428

5  U.S. 465 (1976).  Second, the claim was procedurally defaulted in state court.  The state district court

6  cited NRS 34.810(1)(b)(2) and ruled that the claim should have been raised on direct appeal and was

7  deemed waived.  (Exhibit 26, at pp. 2-3).  The Nevada Supreme Court affirmed the decision of the

8  state district court, denying the post-conviction habeas petition, without specifically referring to the

9  claim that the evidence found from the search of his vehicle should have been suppressed.[3]  (Exhibit

10  27).  The state district court's Findings of Fact and Conclusions of Law was the last reasoned

11  decision regarding petitioner's claim that the evidence found from the search of his vehicle should

12  have been suppressed.  (Exhibit 26, at pp. 3-4).  Pursuant to *Ylst v. Nunnemaker*, 501 U.S. 797, 803

13  (1991), the Court assumes that the Nevada Supreme Court, by its silent denial of appeal, does not

14  intend to change the last-reasoned decision by the state district court which imposed the procedural

15  bar of NRS 34.810(1)(b)(2).  Application of the procedural bar of NRS 34.810 is an independent and

16  adequate state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v.*

17  *Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).  Petitioner has presented no meritorious grounds for

18  cause and prejudice.  As such, Ground Three of the federal petition was procedurally defaulted in

19  state court and is barred from consideration by this Court.

20           **5. Ground Four**

21           In Ground Four, petitioner alleges that he was denied due process because he did not

22  receive timely notice of the State's intent to seek punishment as a habitual criminal.  (Petition, at p.

23

24           [3]  The Nevada Supreme Court's order discussed petitioner's claim that his counsel was
ineffective for failing to argue that the evidence from the search of his vehicle should have been
25  suppressed.  The Court held that appellant failed to demonstrate that appellant counsel's performance
was deficient.  (Exhibit 27, at pp. 2-3).

26

9; Attached Memorandum, at pp. 44-53).  The state district court cited NRS 34.810(1)(b)(2) and ruled that the claim should have been raised on direct appeal and was deemed waived.  (Exhibit 26, at pp. 2-3).  The Nevada Supreme Court affirmed the decision of the state district court, denying the post-conviction habeas petition, without specifically referring to the claim that he was denied due process because he did not receive timely notice of the State's intent to seek punishment as a habitual criminal.[4]  (Exhibit 27).  The state district court's Findings of Fact and Conclusions of Law was the last reasoned decision regarding petitioner's claim that he was denied due process because he did not receive timely notice of the State's intent to seek punishment as a habitual criminal.  (Exhibit 26, at pp. 3-4).  Pursuant to *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), the Court assumes that the Nevada Supreme Court, by its silent denial of appeal, does not intend to change the last-reasoned decision by the state district court which imposed the procedural bar of NRS 34.810(1)(b)(2).  Application of the procedural bar of NRS 34.810 is an independent and adequate state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).  Petitioner has presented no meritorious grounds for cause and prejudice.  As such, Ground Four of the federal petition was procedurally defaulted in state court and is barred from consideration by this Court.

**V.  Conclusion**

IT IS THEREFORE ORDERED** that petitioner's motion for default judgment (Docket #11) is **DENIED.**

IT IS FURTHER ORDERED** that petitioner's supplement, filed March 8, 2010, at Docket #10, is considered part of the petition.

---

[4]   The Nevada Supreme Court's order discussed petitioner's claim that his counsel was ineffective for failing to argue that he did not receive timely notice of the State's intent to seek punishment as a habitual criminal.  The Court held that appellant failed to demonstrate that appellant counsel's performance was deficient.  (Exhibit 27, at p. 3).

9

1    **IT IS FURTHER ORDERED** that respondents' motion to dismiss (Docket #6) is

2   **GRANTED IN PART AND DENIED IN PART**, as follows:

3    1.  Petitioner has named an improper respondent in his habeas petition and must

4   amend, naming the proper respondent.

5    2.  Ground One (including sub-parts 1, 2, and 3) is not procedurally barred and

6   respondents must substantively answer Ground One.

7    3.  Grounds Two, Three, and Four of the petition were procedurally defaulted in state

8   court, and are dismissed from this action.

9    **IT IS FURTHER ORDERED** that within **thirty (30) days**, petitioner **SHALL**

10  **FILE** an amended caption page, naming his current custodian (state official), which is the proper

11  respondent.  Petitioner's failure to follow this direction may result in dismissal of this action.

12   **IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the

13  petition (Doc #4 and #4-1) and supplement (Doc #10) within **thirty (30) days** from the date of

14  service of petitioner's amended caption page.  The answer shall include substantive arguments on the

15  merits as to each remaining claim in the petition and supplement.  **No further motions to dismiss**

16  **will be entertained**.  In filing the answer, respondents shall comply with the requirements of Rule 5

17  of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

18   **IT IS FURTHER ORDERED** that petitioner may file his reply to the answer no

19  later than **thirty (30) days** after being served with the answer.

20   DATED this 21st day of January, 2011.

21

22  *Howard D McKibben*

23  UNITED STATES DISTRICT JUDGE

24

25

26   10