# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEFFREY FRANKLIN,           )
                            )
　　　　Petitioner,           )       3:10-cv-00020-HDM-VPC
                            )
vs.                         )       **ORDER**
                            )
STATE OF NEVADA, *et al.*,   )
                            )
　　　　Respondents.          )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

## I. Procedural History

Petitioner was charged by the return of a grand jury indictment with one count of trafficking in a controlled substance, a felony violation of NRS 453.3385. (Exhibit 1).[1] On December 19, 2005, petitioner filed a motion to dismiss due to inadequate notice of grand jury proceedings. (Exhibit 2). On March 21, 2006, the state district court denied petitioner's motion dismiss. (Exhibit 4). On August 29, 2006, petitioner filed a motion to suppress and request for evidentiary hearing.

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 7 & 8.

(Exhibit 5). On September 5, 2006, the state district court reserved ruling on the motion to suppress until trial. (Exhibit 6).

A jury trial was held on September 8, 2006, resulting in a guilty verdict of trafficking in a controlled substance. (Exhibits 7 & 8). On September 11, 2006, the State filed a notice of intent to seek the punishment as a habitual criminal. (Exhibit 9). On December 21, 2006, the state district court sentenced petitioner as a habitual criminal pursuant to NRS 207.010. (Exhibit 13). The judgment of conviction was filed on January 9, 2007. (Exhibit 14). Petitioner was sentenced under the habitual criminal statute to life with a minimum parole eligibility of 10 years in the Nevada Department of Corrections, with 286 days of credit for time served. (Exhibit 14).

Petitioner filed a notice of appeal on February 1, 2007. (Exhibit 16). On July 5, 2007, appellant's opening brief was filed, asserting one argument: "The State's intentional misconduct in closing argument denied appellant a fair trial pursuant to federal and state constitutional guarantees." (Exhibit 17). On December 27, 2007, the Nevada Supreme Court entered an order of affirmance. (Exhibit 18). Remittitur issued on January 22, 2008. (Exhibit 19).

On March 5, 2008, petitioner filed a *pro per* post-conviction habeas petition in the state district court. (Exhibit 20). On October 10, 2008, the state district court issued findings of fact and conclusions of law. (Exhibit 26). The state district court addressed the merits of petitioner's claims of ineffective assistance of counsel, but found the remainder of the claims in the petition to be procedurally barred. (Exhibit 26).

Petitioner filed a timely notice of appeal on September 15, 2008. (Exhibit 25). On December 11, 2009, the Nevada Supreme Court filed its order affirming the denial of the state habeas petition. (Exhibit 27). Remittitur was issued on January 5, 2010. (Exhibit 28).

On December 23, 2009, petitioner dispatched his federal habeas petition to this Court. (ECF No. 4, Habeas Petition, at p. 1). Petitioner submitted a memorandum of points and authorities with

his petition. (ECF No. 4-1). The Court construes the petition as comprised of the form petition (ECF No. 4) and the memorandum of points and authorities (ECF No. 4-1).

By order filed January 21, 2011, this Court entered an order construing petitioner's supplement to the petition (ECF No. 10) as part of the habeas petition. (ECF No. 15).[2] The order further determined that petitioner had named the wrong respondent, and petitioner was given an opportunity to file an amended caption page, which he filed on January 31, 2011. (ECF Nos. 15 and 16). The Court's order also granted in part and denied in part respondents' motion to dismiss the petition. (*Id.*). The Court ruled that Grounds Two, Three, and Four of the petition were procedurally barred, but that Ground One was not barred from this Court's consideration. (*Id.*). The Court directed respondents to file an answer addressing the merits of Ground One. Respondents have filed an answer (ECF No. 20) and petitioner has filed a traverse (ECF No. 22). The Court now considers the merits of the remaining grounds of the petition.

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] The supplement to the petition did not add any grounds to the petition. (ECF No. 10). The supplement repeated petitioner's argument at Ground 1, Part III of the petition. (*Id.*).

3

1  The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications
2 in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect
3 to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court
4 decision is contrary to clearly established Supreme Court precedent, within the meaning of 28
5 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the
6 Supreme Court's] cases" or "if the state court confronts a set of facts that are materially
7 indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result
8 different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003)
9 (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685,
10 694 (2002)).

11  A state court decision is an unreasonable application of clearly established Supreme Court
12 precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct
13 governing legal principle from [the Supreme Court's] decisions but unreasonably applies that
14 principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,
15 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more
16 than merely incorrect or erroneous; the state court's application of clearly established federal law
17 must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

18  In determining whether a state court decision is contrary to, or an unreasonable application of
19 federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501
20 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert.*
21 *denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court
22 shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the
23 presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).
24 / / / / / / / / / /
25 / / / / / / / / /
26

4

### III. Discussion

In Ground One, petitioner claims ineffective assistance of appellate counsel. Petitioner asserts that appellate counsel was ineffective for failing to raise on direct appeal the following issues: (1) that the State did not provide adequate notice of the grand jury proceedings; (2) that the evidence found from the vehicle search at the Stardust Casino should have been suppressed; and (3) that the State did not provide notice of intent to seek punishment as a habitual criminal and failed to provide sufficient evidence of his criminal record to justify petitioner being adjudicated a habitual criminal. (Petition, at p. 3; Attached Memorandum, at pp. 3-6).

### A. Ineffective Assistance of Counsel Standard

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401.

The *Strickland* standard applies to challenges of effective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). To state a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability of success on appeal. *Id.*

/ / / / / / / / / /

/ / / / / / / / / /

### B. Ground One, Part 1

Petitioner alleges that appellate counsel was ineffective for failing to raise on direct appeal the issue that the State did not provide adequate notice of the grand jury proceedings. The Nevada Supreme Court considered this issue and ruled that "the State provided appellant notice of the grand jury proceedings which complied with the requirements of [Nevada law]." (Exhibit 27, at p. 2). This finding is supported by the September 20, 2005 certificate of service upon petitioner in open court by a Justice Court clerk (Exhibit 3) and the trial court's finding of adequate notice. (Exhibit 4). Petitioner has failed to demonstrate that appellate counsel's performance was deficient in that it fell below an objective standard of reasonableness. And, petitioner has failed to demonstrate that he suffered prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Id.*

Moreover, the factual findings of the state court are presumed correct. 28 U.S.C. 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground One, Part I.

### C. Ground One, Part II

Petitioner alleges that appellate counsel was ineffective for failing to raise on direct appeal the issue that evidence found from the vehicle search at the Stardust Casino should have been suppressed. The Nevada Supreme Court rejected this claim, as follows:

> [A]ppellant claimed that his appellate counsel was ineffective for failing to argue that the evidence found from the search of his vehicle by the Stardust Casino security officers should have been suppressed. Appellant claimed that the casino security should have been considered agents of the State, and therefore, the security officers' warrantless search of his vehicle was impermissible. Appellant failed to demonstrate that his appellate counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that the

7

> State knew of or acquiesced to the search of his vehicle by the Stardust security officers, and thus, failed to demonstrate that the security officers were "agents" of the State. See United States v. Miller, 688 F.2d 652, 656 (9th Cir. 1982). As appellant failed to demonstrate that the security officers were agents of the State, he failed to demonstrate that their search of his vehicle implicated the constitutional protections against illegal search and seizure. Coolidge v. New Hampshire, 403 U.S. 443, 487 (1971). Accordingly, appellant failed to demonstrate that an argument concerning the private party search of his vehicle had a reasonable likelihood of success on appeal. Therefore, the district court did not err in denying this claim.

(Exhibit 27, at pp. 2-3). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground One, Part II.

**D.  Ground One, Part III**

Petitioner alleges that appellate counsel was ineffective for failing to raise on direct appeal the issue that the State did not provide notice of intent to seek punishment as a habitual criminal and failed to provide sufficient evidence of his criminal record to justify petitioner being adjudicated a habitual criminal.

In rejecting petitioner's claim on this issue, the state district court made the following findings:

> Defendant's jury trial commenced on September 8, 2006 and ended later that day with the jury returning a verdict of guilty as to the charge set forth in the Indictment.
>
> On September 11, 2006, the State filed a Notice of Intent to Seek Punishment as a Habitual Criminal pursuant to [N.R.S.] 207.010.
>
> On November 15, 2006, the State provided the district court with certified copies of Defendant's five previous felony convictions. The State further notified the court that Defendant had a total of fourteen felony convictions dating back to 1981.

8

(Exhibit 26, Findings of Fact, Conclusions of Law and Order, at p. 2).  The Nevada Supreme Court affirmed that decision.  (Exhibit 27).  The Nevada Supreme Court addressed the sufficiency of the evidence issue, regarding petitioner's treatment as a habitual criminal:

> [A]ppellant claimed that his appellate counsel was ineffective for failing to argue that the State failed to provide sufficient evidence of his criminal record for him to be adjudicated a habitual criminal. Appellant failed to demonstrate that his appellate counsel's performance was deficient or that he was prejudiced.  The State filed documentation for numerous previous felonies in the district court. Accordingly, appellant failed to demonstrate that the arguments concerning the sufficiency of the evidence regarding his criminal history had a reasonable likelihood of success on appeal.  Therefore, the district court did not err in denying this claim.

(Exhibit 27, at p. 3).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court denies habeas relief as to Ground One, Part III.

**IV.  Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.;*  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

9

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court therefore denies petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 30th day of January, 2013.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE